IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

Melvin Eugene Cagle,            )
    Petitioner,            )
                  )
v.            )            **1:14cv310 (CMH/JFA)**
                  )
Harold W. Clarke,            )
    Respondent.            )

## MEMORANDUM OPINION

Melvin Eugene Cagle, Virginia inmate proceeding pro se, has filed a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of

malicious wounding in the Circuit Court of Prince George County. On June 16, 2014,

respondent filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief.

Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975), and he filed a Brief in Opposition to Motion to Dismiss

on June 27, 2014. For the reasons that follow, respondent's Motion to Dismiss will be granted,

and this petition will be dismissed with prejudice.

### I. Background

On January 10, 2011, a jury found petitioner guilty of malicious wounding after he

stabbed another man in an argument over a woman. On June 6, 2011, petitioner was sentenced

to serve six years in jail and to pay a fine of $50,000. Case No. CR10000176-00. Petitioner

appealed his conviction to the Court of Appeals of Virginia, where it was affirmed by a judge of

that court in a written opinion on December 29, 2011. Cagle v. Commonwealth, R. No. 1312-

1

11-2 (Va. Ct. App. Dec. 29, 2011). A three-judge panel denied a petition for further review on

March 15, 2012. The Supreme Court of Virginia refused petitioner's subsequent appeal on

September 27, 2012. Cagle v. Commonwealth, R. No. 120615 (Va. Sept. 27, 2012).

On June 3, 2012, Cagle filed a petition for a state writ of habeas corpus in the Supreme

Court of Virginia, raising the following claims:

1.    He received ineffective assistance because his attorney: (a) was inexperienced and "woefully deficient;" (b) was not supposed to act as lead counsel; (c) advised petitioner not to testify; (d) failed to introduce medical toxicology reports that the victim was highly intoxicated; (e) failed to disclose to the court that Commonwealth's Attorney had once been a member of his law firm and had been fired; (f) failed to investigate the preliminary hearing testimony of the investigating officer; (g) failed to object to the jury instruction on "malice and heat of passion;" and (h) failed to introduce the element of self-defense.

2.    He was denied due process where: (a) lead counsel was absent from trial and no motion for continuance was made; (b) trial counsel had a conflict of interest with the prosecutor, who had once been a member of his law firm; (c) the court refused a proposed jury instruction that was relevant to the defense; (d) "logical evidence that was relevant to establish a fact at issue in the case was not allowed to be entered;" (e) counsel would not introduce self-defense; (f) counsel would not allow petitioner to testify; and (g) a toxicology report showing that the victim was under the influence of drugs was not produced.

3.    The court abused its discretion by: (a) denying defense motions to strike and set aside the verdict where the Commonwealth failed to prove malice and to disprove heat of passion; (b) giving a jury instruction on flight to avoid prosecution; (c) giving a jury instruction on "heat of passion" that included a reference to a "cooling off period;" and (d) refusing to give proposed instructions on duress and self-defense.

4.    He was the victim of prosecutorial misconduct in that the prosecution: (a) influenced the victim to commit perjury by suggesting that it would help him prevail in a civil suit against

petitioner; (b) withheld exculpatory evidence that the victim was intoxicated; (c) was "unprofessional and unethical" and labored under a conflict of interest; and (d) wrongfully sent the actual victim to prison.

The Supreme Court dismissed the petition on December 5, 2013. Cagle v. Warden, Green Rock Corr. Center, R. No. 130890 (Va. Dec. 5, 2013).

Cagle next turned to the federal forum and timely filed the instant application for § 2254 relief on March 19, 2014 in the United States District Court for the Western District of Virginia. By Order dated March 21, 2014, it was transferred to this court as the district where the underlying conviction was entered. As noted above, respondent has filed a Rule 5 Answer to the petition, as well as a Motion to Dismiss with a supporting brief and exhibits. (Docket ## 7-9) Cagle was provided with the notice required by Roseboro and Local Rule 7(K), and he has filed a reply, captioned as a Brief in Opposition to Motion to Dismiss. (Docket # 13) Accordingly, this matter is now ripe for disposition.

## I. Exhaustion and Procedural Default

In his application for § 2254 relief, petitioner principally reiterates the same claims he made in the state habeas corpus action. To the extent that he does so, his claims are exhausted. As a general rule, a federal petitioner must first exhaust his claims in state court, and failure to exhaust a claim requires its dismissal by the federal court. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have

3

presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

However, in addition to reiterating the claims that have been adjudicated by the Virginia courts, petitioner includes additional arguments in a section of his petition entitled "Conclusion." See Pet., Att. 2 "Table of Authorities and Claims" at 17-18. The arguments set out in this portion of the petition are procedurally barred from federal review. "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162). Here, petitioner's unexhausted claims are incapable of exhaustion, as they now would be both untimely, Va. Code § 8.01-654(A)(2), and successive, Va. Code § 8.01-654(B)(2). Therefore, the arguments expressed in the "Conclusion" portion of the federal petition are simultaneously exhausted and defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915

4

F.2d 932 (4th Cir. 1990).

In addition, in adjudicating petitioner's exhausted claims, the Supreme Court of Virginia expressly found certain portions to be defaulted pursuant to Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), cert. denied, 419 U.S. 1108 (1975). The Fourth Circuit Court of Appeals has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the Virginia court's express finding that Slayton barred review of portions of petitioner's claims also precludes federal review of their merits.

Federal courts may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996). As will be discussed below, petitioner has failed to establish cause and prejudice as to any of his defaulted claims.

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an

unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court's determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

The facts underlying petitioner's conviction were described in detail in the opinion issued by the Virginia Court of Appeals. Briefly, at the time of the incident petitioner was dating a woman with whom he had a daughter. On the day of the incident, petitioner went to her home at the same time her former boyfriend, David Alonzo, was there to pick up a basket of laundry. Petitioner began shouting and cursing at Alonzo and accused Alonzo of coming to Virginia to take his woman. Cagle v. Commonwealth, supra, slip op. at 1. This went on for about fifteen minutes, during which petitioner also began to taunt Alonzo and to call him derogatory names.

6

Petitioner then left the premises with his daughter, and warned Alonzo that he should be gone when they returned. Id., slip op. at 2. When petitioner returned about thirty minutes later the yelling continued, with petitioner telling Alonzo that the woman "belonged" to him, that he had "paid for" her, and that she was "his bitch." After petitioner began to gesture at his genital area and suggest that the woman perform a sex act with him, Alonzo told him, "Enough is enough." Petitioner cursed and said it would never be enough because he had a child with the woman. Alonzo told petitioner repeatedly to stop making nasty remarks because the child could hear him, and when Alonzo walked toward petitioner's truck petitioner struck Alonzo in the jaw using his fist. A skirmish ensued during which both men went to the ground. Petitioner eventually got to his feet and opened the passenger door of his vehicle, and the woman yelled to Alonzo to run because petitioner had a gun. Id. When Alonzo got about halfway to his truck he turned and saw that petitioner had a knife, and he grabbed a vinyl siding board and a hammer from his truck to defend himself. Petitioner, wielding the knife, approached Alonzo and said, "I'm going to kill you, m***f***," and when the two men were about four feet part Alonzo swung the board at petitioner in an attempt to knock the knife away. Within seconds, petitioner swung the knife upward in a slashing motion, and Alonzo was stabbed in both the left forearm and the chest. He was hospitalized for a week for his injuries. Id., slip op. at 3.

Claim One: In his first claim, petitioner asserts that he received ineffective assistance of counsel for several reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell

below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998

In the first portion of his first claim, petitioner alleges that his lawyer provided ineffective

assistance because he was inexperienced and "woefully deficient." When petitioner made this

same argument in his state habeas corpus proceeding, the Supreme Court of Virginia found it to

be without merit, as follows:

> The Court holds that this portion of claim (1) satisfies neither the
> 'performance' nor the 'prejudice' prong of the two-part test
> enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984).
> Petitioner fails to articulate any action or inaction by counsel caused
> by his alleged inexperience or to proffer any resulting prejudice.
> Thus, petitioner has failed to demonstrate that counsel's performance
> was deficient or that there is a reasonable probability that, but for
> counsel's alleged errors, the result of the proceeding would have been
> different.

Cagle v. Warden, supra, slip op. at 1-2.

The first portion of petitioner's first claim was rightfully denied by the state court. First,

his assertion that counsel was inexperienced is not borne out by the record. In an affidavit

submitted by the Commonwealth in the state habeas corpus proceeding, trial counsel Robert B.

Hill, Esquire attested that he had been practicing law for thirty-four years. He was an Assistant

Public Defender for three years and an Assistant Commonwealth's Attorney for seventeen years.

He estimated that he had handled over twenty criminal jury trials and 1,000 criminal bench trials.

R. 130890, Mo. to Dismiss, Ex. 1 at 2. More importantly, petitioner points to no specific

examples of any deficient performance by counsel to support his generalized assertion that

counsel's representation was "woefully deficient." Under these circumstances, the Virginia

court's determination that petitioner's first argument fails to satisfy either prong of the Strickland

test was based on a reasonable determination of the facts and was in accord with controlling

federal principles, and the same result must be reached here. Williams, 529 U.S. at 412-13.

In the second portion of claim one, petitioner faults counsel for failing to move for a

continuance when co-counsel, who allegedly had been designated to act as lead counsel, fell ill

and was unable to attend the trial. Petitioner repeats the same argument in claim two. The

Supreme Court of Virginia rejected this contention, as follows:

> The Court holds that these portions of claim (1) and claim (2) fail to
> satisfy the 'prejudice' prong of the two-part test enunciated in
> Strickland. Petitioner fails to articulate any prejudice resulting from
> counsel's alleged error. Thus, petitioner has failed to demonstrate
> that there is a reasonable probability that, but for counsel's alleged
> errors, the result of the proceeding would have been different.

Cagle v. Warden, supra, slip op. at 2. As the Virginia court found, petitioner makes no attempt to

explain the manner in which he believes the outcome of the trial was affected by co-counsel's

absence. Thus, the court's determination that the prejudice prong of Strickland was not satisfied

is both factually reasonable and in accord with controlling federal principles, and may not be

disturbed. Williams, 529 U.S. at 412-13.

In the next portion of his first claim and again in his second claim, petitioner asserts that

counsel rendered ineffective assistance by failing to introduce exculpatory evidence and by

advising petitioner not to testify. The Supreme Court of Virginia found no merit to this position,

as follows:

> The Court holds that these portions of claim (1) and claim (2) fail to
> satisfy neither the 'performance' nor the 'prejudice' prong of the two-
> part test enunciated in Strickland. Petitioner fails to articulate what
> additional evidence counsel could have obtained had he conducted an
> investigation, fails to identify any exculpatory evidence counsel
> should have but failed to obtain, and fails to proffer the testimony he
> contends he would have given but for counsel's advice. Additionally,
> the record, including the affidavit of counsel, demonstrates that
> counsel conducted an investigation, including interviewing potential
> defense witnesses, and reviewed all of the evidence possessed by the
> Commonwealth. The record, including the affidavit of counsel and
> the trial transcript, further demonstrates that counsel advised

10

> petitioner not to testify because he was concerned about petitioner's demeanor because at petitioner's bond hearing and a hearing for a protective order, petitioner's behavior was 'abusive toward the judge or anyone in authority' and petitioner had previously been jailed for contempt to court.   Under the circumstances, counsel could reasonably have concluded it would be detrimental to petitioner's case if he testified. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Cagle v. Warden, supra, slip op. at 2 - 3.

As before, the foregoing holding of the Supreme Court of Virginia was factually reasonable and in accord with controlling federal principles.  It is well settled in federal jurisprudence that  that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. In particular, decisions concerning the calling of witnesses are matters of strategy left to the attorney, and ordinarily cannot constitute ineffective assistance. Jones v. North Carolina, 547 F.2d 808 (4th Cir. 1977). Here, as the Virginia court noted, counsel attested that he "could not put Mr. Cagle on the stand.  His demeanor was terrible."  Counsel also "consulted about trial strategy with an attorney out of Chicago, Steven M. Stone, who was a Trustee of a Trust set up in Mr. Cagle's favor by his deceased wife's will.  He concurred in my decision not to call Mr. Cagle to the stand in his own defense ...."  R. 130890, Mo. to Dismiss, Ex. 1 at 2.  Under these circumstances, where counsel's decision to advise petitioner not to testify clearly was a sound strategic decision,  the Virginia court's resolution of this issue must be allowed to stand. Williams, 529 U.S. at 412-13.

In the next portion of his first claim, petitioner argues that counsel provided ineffective assistance by failing to introduce medical evidence that the victim, Alonzo, was intoxicated at the

11

time of the offense. The Supreme Court of Virginia rejected this contention, as follows:

> The Court holds that this portion of claim (1) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to proffer any evidence to support his claim that the victim was intoxicated. The record, including the trial transcript and the affidavit of counsel, demonstrates that the victim testified he had a single beer on the day of the altercation and, although counsel questioned the witnesses, none of them would confirm petitioner's allegation that the victim was intoxicated. Thus, petitioner has failed to demonstrate that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Cagle v. Warden, supra, slip op. at 3 - 4. The foregoing holding was correct for two reasons. First, as the Virginia court noted, counsel did attempt to elicit testimony that the victim was intoxicated but none was forthcoming, and counsel had no duty to present evidence which apparently did not exist. In addition, even if the victim had been intoxicated, that fact would have provided no defense to the charge of malicious wounding petitioner faced, so the outcome of the trial was not affected by the absence of such evidence. The Virginia court's resolution of this issue thus was based on a reasonable determination of the facts and was in accord with controlling federal principles, and the claim likewise must be rejected here. Williams, 529 U.S. at 412-13.

In the next portion of his first claim and a portion of his second claim, petitioner asserts that his attorney was ineffective for failing to move to disqualify the Commonwealth's Attorney on the ground that the prosecutor had once worked for counsel's law firm and had been fired. The Supreme Court of Virginia found no merit to this contention, as follows:

> The Court holds that these portions of claim (1) and claim (2) satisfy neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to provide any evidence

12

> to support this claim and fails to articulate how the Commonwealth Attorney's prior experience with defense counsel's firm at some unspecified point in the past rendered the Commonwealth's Attorney incapable or remaining impartial in the prosecution of petitioner's case such that he should have been disqualified. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Cagle v. Warden, supra, slip op. at 4-5. Under Virginia law, a prosecutor is subject to disqualification only where the alleged conflict has an "effect on his professional judgment in seeking fairly and impartially to see justice done." Powell v. Virginia, 267 Va. 107, 590 S.E.2d 537, 557 (2004). Here, where petitioner's claim of ineffective assistance of counsel was based on an unsupported contention of prosecutorial bias, its rejection by the Supreme Court of Virginia was factually reasonable and in accord with Strickland, supra, and so likewise warrants no federal relief. Williams, 529 U.S. at 412-13.

In the next portion of his first claim, petitioner contends that his attorney provided ineffective assistance by failing to investigate the preliminary hearing testimony of the investigating officer, which petitioner characterizes as "suspect" and "false." As with his previous allegations, the Virginia Supreme Court found this one to be without merit, as follows:

> The Court holds that these portions of claim (1) and claim (2) satisfy neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland. Petitioner fails to identify the testimony he contends is 'suspect' or false or to articulate any reason why counsel would have reason to suspect the officer's testimony was untrue. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Cagle v. Warden, supra, slip op. at 5. For the reasons articulated by the Virginia court,

petitioner's conclusory assertions about his counsel's actions with respect to the officer's

testimony fail to support either prong of the Strickland analysis. Thus, the rejection of this claim

by the Virginia court must not be disturbed here. Williams, 529 U.S. at 412-13.

In the next portion of his first claim, petitioner argues that counsel was ineffective for

failing to object to the jury instruction on malice and heat of passion. According to petitioner,

the instruction contained a reference to a cooling-off period, which he contends was not

warranted by the evidence. The Supreme Court of Virginia rejected this position, as follows:

> The Court holds that this portion of claim (1) satisfies neither the
> 'performance' nor the 'prejudice' prong of the two-part test
> enunciated in Strickland. The record, including the trial transcript,
> demonstrates that petitioner and the victim engaged in fisticuffs over
> a woman with whom they each had a relationship, that they separated
> and petitioner called 911 and reported that the victim has struck him
> with a board, and that petitioner thereafter stabbed the victim. From
> this evidence, counsel could reasonably conclude the evidence was
> sufficient to raise a question as to whether petitioner's passion had
> cooled before he stabbed the victim. Thus, petitioner has failed to
> demonstrate that counsel's performance was deficient or that there is
> a reasonable probability that, but for counsel's alleged errors, the
> result of the proceeding would have been different.

Cagle v. Warden, supra, slip op. at 5-6. For the reasons stated by the Supreme Court of Virginia

found, the trial evidence supported the instruction the jury received. Thus, counsel's failure to

object to that instruction caused petitioner to suffer no prejudice, and this portion of claim one

warrants no federal relief. Williams, 529 U.S. at 412-13.

In the final portion of claim one, petitioner contends that counsel provided ineffective

assistance by failing to argue that petitioner acted in self-defense in stabbing Alonzo. The

Supreme Court of Virginia found no merit to this argument, as follows:

> The Court holds that this portion of claim (1) satisfies neither the

> 'performance' nor the 'prejudice' prong of the two-part test
> enunciated in Strickland. The record, including the trial transcript,
> demonstrate that counsel did argue that petitioner acted in self-
> defense. Thus, petitioner has failed to demonstrate that counsel's
> performance was deficient or that there is a reasonable probability
> that, but for counsel's alleged errors, the result of the proceeding
> would have been different.

Cagle v. Warden, supra, slip op. at 6.   Review of the record of the trial proceedings reveals that

during his cross-examination of Alonzo, counsel asked whether Alonzo had made threatening

statements to petitioner, and then played the 911 tape to impeach him. Tr. 1/10 /11 at pp. 162 -

66. Therefore, the rejection of this claim by the Supreme Court of Virginia was factually

reasonable and in accord with Strickland, supra, and so likewise must be denied here.   Williams,

529 U.S. at 412-13.

Claim Two:   In his second claim, petitioner asserts that he was denied due process in

several respects. Portions of this claim are duplicative of arguments made in claim one and were

discussed above. In the second portion of claim two, petitioner argues that he received ineffective

assistance of counsel and was deprived of due process because counsel labored under a conflict

of interest.   Specifically, petitioner contends that counsel had a conflict of interest because

petitioner fired counsel and then re-hired him on the understanding that counsel's partner would

act as lead counsel for the remainder of the case. The Supreme Court of Virginia rejected this

argument, as follows:

> The Court holds that this claim satisfies neither the 'performance' nor
> the 'prejudice' prong of the two-part test enunciated in Strickland.
> While petitioner contends his firing of counsel created a conflict of
> interest, he does not identify how counsel's loyalties had been
> divided, or how he was prejudiced. Petitioner has failed to establish
> either an actual conflict of interest or an adverse effect on counsel's
> performance.  See Mickens v. Taylor, 535 U.S. 162, 172 (2002).

> Therefore, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Cagle v. Warden, supra, slip op. at 6-7.

Under established federal law, to prevail on a claim that he received ineffective assistance due to a conflict of interest, a defendant must demonstrate both (1) an actual conflict of interest; and (2) an adverse effect on counsel's performance. Once both burdens are met, 'prejudice will be presumed *only if* the conflict has significantly affected counsel's performance - thereby rendering the verdict unreliable, even though <u>Strickland</u> prejudice cannot be shown.' <u>Mickens</u>, 535 U.S. at 172-73 (emphasis added); <u>see also Fullwood v. Lee</u>, 290 F.3d 663, 689 (4th Cir. 2002). Here, as the Virginia court determined, petitioner failed to meet either prong of this test. 'To establish an actual conflict of interest, a petitioner "must show that there was some plausible alternative defense strategy or tactic that might been pursued, an alternative strategy that was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests.' <u>Guaraldi v. Cunningham</u>, 819 F.2d 15, 17 (1st Cir. 1978). Petitioner in this case has not demonstrated that an actual conflict of interest existed, nor does he point to any specific way in which counsel's performance was adversely affected by any alleged conflict. Therefore, the Supreme Court of Virginia's denial of relief on this claim was factually reasonable and in accord with these controlling federal principles, and that result must be allowed to stand. <u>Williams</u>, 529 U.S. at 412-13.

Two of the remaining portions of claim two are procedurally barred from federal consideration. Petitioner's allegations that he was denied due process when the trial court erred

by refusing his proffered instruction on state of mind and when the Commonwealth refused to produce evidence that the victim was under the influence of alcohol and drugs were both held to be barred from habeas review by the doctrine of <u>Slayton v. Parrigan</u>, <u>supra</u>. <u>Cagle v. Warden</u>, <u>supra</u>, slip op. at 7-8. As petitioner has failed to establish cause and prejudice as the default of those claims, they are likewise defaulted from federal consideration. Lastly, plaintiff's allegation that the court erred by refusing to admit "logical evidence that was relevant to establish a fact at issue" was held to be too "conclusional" to "support the issuance of a writ of habeas corpus. <u>Id.</u>, slip op. at 7. For the same reason, it also warrants no federal consideration.

<u>Claim Three</u>:   In petitioner's third claim, he contends that the trial court abused its discretion in four respects. In the first portion of the claim, petitioner alleges that the evidence adduced at trial was insufficient to sustain the conviction because the Commonwealth failed to prove malice and failed to disprove petitioner's theory that he acted in the heat of passion. When he made this same argument on direct appeal, the Court of Appeals found it to be without merit, as follows:

> 'Whether or not an accused acted with malice is generally a question of fact and may be proved by circumstantial evidence." <u>Canipe v. Commonwealth</u>, 25 Va.App. 629, 642, 491 S.E.2d 747, 753 (1997).

>> Malice inheres in the intentional doing of a wrongful act without legal justification or excuse. Malice is not confined to ill will, but includes any action flowing from a wicked or corrupt motive, done with an evil mind or wrongful intention, where the act has been attended with such circumstances as to carry in it the plain indication of a heart deliberately bent on mischief.

> <u>Williams v. Commonwealth</u>, 13 Va. App. 393, 398, 412 S.E.2d 202, 205 (1991).

17

> 'Heat of passion refers to the *furor brevis* which renders a man deaf to the voice of reason.' <u>Rhodes v. Commonwealth</u>, 41 Va. App. 195, 200, 583 S.E.2d 773, 775-76 (2003) (quoting <u>Caudill v. Commonwealth</u>, 27 Va.App. 81, 85, 497 S.E.2d 513, 514-15 (1998)). 'Heat of passion excludes malice when provocation reasonably produces fear [or anger] that causes one to act on impulse without conscious reflection.' <u>Graham v. Commonwealth</u>, 31 Va.App. 662, 671, 525 S.E.2d 567, 571 (2000). 'Heat of passion is determined by the nature and degree of the provocation, and may be founded upon rage, fear, or a combination of both.' <u>Barrett v. Commonwealth</u>, 231 Va. 102, 106, 341 S.E.2d 190, 192 (1986) (citations omitted).
>
> The evidence indicated that appellant and Alonzo became involved in a heated argument that centered around their relationships with Booth. After a brief fistfight, appellant went to his truck and obtained a knife. Appellant then threatened to kill Alonzo. Alonzo tried to disarm appellant by striking him with the board, but appellant continued to advance and stabbed Alonzo in the arm and chest. These facts and circumstances were sufficient to prove beyond a reasonable doubt that appellant acted with malice, not in the heat of passion, and that he was guilty of malicious wounding.

<u>Cagle v. Warden</u>, <u>supra</u>, slip op. at 7-8.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, <u>any</u> rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); <u>Sumner v. Mata</u>, 449 U.S. 539, 546-47 (1981); see <u>Wilson v. Greene</u>, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing <u>Wright v. West</u>, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "considering] anew the jury's

guilt determination or "replac[ing] the state's system of direct appellate review"). In short, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993). Here, for the reasons which were amply explained by the Court of Appeals in the foregoing order, it is apparent that when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could have found Cagle guilty of malicious wounding. Therefore, the state courts' determination that the conviction is supported by sufficient evidence was neither contrary to, nor an unreasonable application of, controlling federal law, Jackson, supra, nor was it based on an unreasonable interpretation of the record facts. Accordingly, the same result is compelled here. Williams, 529 U.S. at 412 - 13.

In the next portion of claim 3, petitioner argues that the trial court abused its discretion in giving a jury instruction on flight to avoid prosecution. The Court of Appeals rejected this position on the following holding:

> The undisputed evidence proved that appellant drove away from the scene immediately after he stabbed Alonzo. He threw the knife he had used to wound Alonzo into the woods. The police did not locate appellant until two days later in North Carolina. From these facts, the jury was entitled to conclude that appellant left Booth's home to avoid prosecution, detection, apprehension, or arrest. The evidence thus supports the instruction, and the trial court did not err in granting it.

Cagle v. Warden, supra, slip op. at 5.

"The propriety of state court jury instructions is a matter of state law, Chance v. Garrison, 537 F.2d 1212, 1215 (4th Cir. 1976), and "[i]t is only in circumstances where instructions impinge on fundamental fairness or infringe on specific constitutional or federal protections that a federal question is presented," such that relief under § 2254 would be available. Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960). Here, for the reasons explained by the Court

19

of Appeals, the flight instruction the jury received did not impinge on the fundamental fairness of

Cagle's trial or infringe on any specific constitutional or federal protection. Therefore, relief

under § 2254 is not available for this portion of claim three. Grundler, 283 F.2d at 802.

In the final portion of claim three, petitioner argues that the trial court abused its

discretion in refusing proposed jury instructions on duress and self defense.[1] The Court of

Appeals rejected petitioner's argument regarding the duress instruction, as follows:

> Duress is an affirmative defense that excuses "criminal behavior 'where the defendant shows that the acts were the product of threats including a reasonable fear of immediate death or serious bodily injury.'" Graham v. Commonwealth, 31 Va.App. 662, 674, 525 S.E.2d 567, 573 (2000) ...
>
> *   *   *
>
> Appellant contends he was entitled to the duress instruction because, in the background of the 911 call, Alonzo threatened to take off appellant's head and because Alonzo advanced toward appellant with the board and hammer. However, the evidence indicated appellant had already 'pulled a knife' on Alonzo before the 911 call and that appellant armed himself before Alonzo did. After appellant obtained the knife, he announced his intention to kill Alonzo. There was nothing to prevent appellant from getting into his vehicle and driving away rather than arming himself with a knife and threatening Alonzo. Under these facts, the defense of duress was inapplicable, and the trial court did not err in refusing appellant's proposed instruction.

Cagle v. Warden, supra, slip op. at 6. Here, for the reasons explained by the Court of Appeals,

the denial of the proposed jury instruction on duress did not compromise the fundamental

fairness of Cagle's trial or infringe on any specific constitutional or federal protection, so federal

habeas corpus relief is not warranted. Grundler, 283 F.2d at 802.

---

[1]Petitioner's argument that the jury instruction on "heat of passion" was erroneous is discussed in connection with claim one.

As to petitioner's contention that the trial court abused its discretion in failing to instruct the jury on self defense, the Supreme Court of Virginia expressly held that the claim was barred from habeas review by the doctrine of Slayton v. Parrigan, supra. Cagle v. Warden, supra, slip op. at 8-9. As petitioner has failed to establish cause and prejudice as the default of those claims, they are likewise defaulted from federal consideration.

Claim Four: In his fourth claim, petitioner argues that the prosecutor engaged in several acts of misconduct. Specifically, he contends that the prosecutor: (a) influenced the victim to commit perjury by suggesting that it would help him prevail in a civil suit against petitioner; (b) withheld exculpatory evidence that the victim was intoxicated; (c) labored under a conflict of interest because he once worked for the defense law firm; (d) was "unprofessional and unethical;" and (e) wrongfully sent the actual victim to prison.

To the extent that petitioner contends that the prosecutor solicited perjured testimony from the victim and had a conflict of interest, his arguments are procedurally defaulted, as the Supreme Court of Virginia expressly found that they were precluded from habeas review by the doctrine of Slayton v. Parrigan, supra. Cagle v. Warden, supra, slip op. at 9. As petitioner has failed to establish cause and prejudice as the default of those claims, they are likewise defaulted from federal consideration. To the extent that petitioner argues that the prosecutor withheld "exculpatory" evidence that the victim was intoxicated, his claim is barred for the reasons discussed above in connection with claim two. Lastly, as the evidence was sufficient to sustain the conviction as discussed above, and because no violation of petitioner's constitutional rights has been demonstrated, his allegation that the actual victim has been sent to prison is not borne out and warrants no relief.

21

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition will be dismissed, with prejudice.  An appropriate Order shall issue.

Entered this _20th_ day of _February_ 2015.

_Claude M. Hilton_
United States District Judge

Alexandria, Virginia

22